STEPHEN M. HAYES (SBN 83583)
RYAN Z. KELLER (SBN 249193)
HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP
999 Skyway Road, Suite 310
San Carlos, California 94070
Telephone:650.637.9100
Facsimile: 650.637.8071

Attorneys for Plaintiff
MASSACHUSETTS BAY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NEUROPATHY SOLUTIONS, INC. dba SUPERIOR HEALTH CENTERS, RIGOBERTO BERNAL, an individual; MARILENA BERNAL, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: 8:21-cv-00607-DOC <br><br> **FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** |

Plaintiff MASSACHUSETTS BAY INSURANCE COMPANY ("MBIC" or "Plaintiff") complains of Defendants, and each of them, as follows:

## **THE PARTIES**

1.      At all times mentioned herein, MBIC has been, and still is, a corporation of the State of Massachusetts, being incorporated under the laws of Massachusetts,

1820039

and has had and continues to have its principal place of business in Massachusetts.

2.     MBIC is informed and believes, and on that basis alleges that at all times mentioned herein, Defendant Neuropathy Solutions, Inc. dba Superior Health Centers ("Neuropathy" or "Defendant") has been, and still is domiciled in California and resides for venue purposes in Irvine, California in Orange County and is subject to personal jurisdiction in this district.

3.     MBIC is informed and believes, and on that basis alleges that at all times mentioned herein, Defendants Rigoberto Bernal and Marilena Bernal were, and are residents of the County of Riverside, State of California.  Rigoberto and Marilena Bernal have an interest in the outcome of this litigation and are thus named herein as real parties in interest.

4.     MBIC is ignorant of the true names, capacities and involvements of the Defendants sued herein as Does 1 through 10, inclusive.  MBIC, therefore, sues these Defendants by said fictitious names and will seek leave to amend this complaint to include the true names, capacities and involvements of said Doe Defendants when their true names, capacities and involvements are ascertained.

## JURISDICTION AND VENUE

5.     This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 *et seq.*  Original jurisdiction in this matter is based upon 28 U.S.C. § 1332 due to the complete diversity of citizenship of the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.  Further, original jurisdiction is proper under

the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

6.     The amount in controversy, exclusive of interest and costs, exceeds the value of $75,000 since the underlying complaint seeks special and general damages for medical treatment resulting in multiple surgeries and permanent paraplegia and Defendants seek defense and indemnity based on an insurance policy issued by MBIC that had a liability limit per occurrence of $2,000,000.00.

7.     Pursuant to 28 U.S.C. § 1391, venue in this district is proper because Neuropathy resides and has its principal place of business in Irvine, California in Orange County and all defendants are residents of the State of California.  Further, a substantial part of the events or omissions giving rise to the claim for insurance coverage occurred within Irvine, California in Orange County because the MBIC insurance policy was issued to Neuropathy there.

## **GENERAL ALLEGATIONS**

### A.     **The Underlying Lawsuit**

8.     Rigoberto Bernal ("Bernal") alleges that in September 2019, he attended an "informational sales pitch" from Neuropathy Solutions dba Superior Health Centers ("Neuropathy") wherein he was told that stem cell injections would cure pain and mobility limitations in his knees.  Bernal agreed to proceed with the stem cell treatment and went to Neuropathy on October 9, 2019 for treatment.

9.     Bernal alleges that on October 9, 2019, he went to Neuropathy for his treatment.  At Neuropathy, he was treated by Nurse Benson.  Bernal alleges that

Nurse Benson inappropriately injected Mr. Bernal with CoreCyte and Polycyte, which Bernal claims did not contain live stem cells and are not FDA approved for the prevention or treatment of any disease, including knee pain/arthritis.  Bernal alleges that Ralph Highshaw, M.D. and Elite Medical Group, PC were to facilitate and oversee the medical treatment at Neuropathy.

10.     Bernal alleges that after the injections, he had a fever and was in pain.  He went to the hospital where he was diagnosed with septic infections and renal failure.  Bernal alleges he underwent numerous surgeries and is now permanently paraplegic.

11.     On September 9, 2020, Rigoberto Bernal and his wife, Marilena Bernal, filed a lawsuit against Neuropathy, Ralph Highshaw, M.D., Elite Medical Group, PC, and Nurse Alexa Benson, in the Superior Court, Riverside County, entitled "Bernal v. Highshaw, et al. (Cae No. RIC2003600.")  The lawsuit alleges causes of action for Negligence – Medical Malpractice, Negligence – Failure to Warn, Loss of Consortium, Financial Elder Abuse, and Fraud.  ("Underlying Lawsuit.")

**B.          Defendant's Insurance Policy with MBIC**

12.     MBIC issued a Commercial General Liability insurance policy to Defendant, policy number 0D3-D903901-00 with effective dates of May 1, 2019 to May 1, 2020 ("the Policy").  (**Exhibit A**.)  The policy limits are $2,000,000 per occurrence.

13.     The Policy's Liability section includes an insuring agreement which

-4-

1820039

provides in relevant part:

> We will pay those sums the insured
> becomes legally obligated to pay as
> damages because of "bodily injury",
> "property damage" or "personal and
> advertising injury" to which this insurance
> applies. We will have the right and duty to
> defend the insured against any "suit"
> seeking those damages. However, we will
> have no duty to defend the insured against
> any "suit" seeking damages for "bodily
> injury", "property damage" or "personal
> and advertising injury", to which this
> insurance does not apply. We may, at our
> discretion, investigate any "occurrence" or
> any offense and settle any claim or "suit"
> that may result.
>
> …
>
> b. This insurance applies:
>
>     (1) To "bodily injury" and "property

damage" only if:

(a) The "bodily injury" or "property

damage" is caused by an

"occurrence" that takes place in

the "coverage territory";

…

(2)   To "personal and advertising injury"

caused by an offense arising out of

your business, but only if the offense

was committed in the "coverage

territory" during the policy period.

**B**. **Exclusions**

…

**a.      Expected or Intended Injury**

"Bodily injury" or "property damage"

expected or intended from the

standpoint of the insured. ***

…

**j.  Professional Services**

"Bodily   injury",   "property   damage",   "personal   and

advertising        injury" caused by the rendering of or failure to render any professional service, advice or instruction:

(1) By you; or

(2) On your behalf; or

(3) From whom any of you assumed liability by reason of a     contract or agreement, regardless of whether any such service, advice or instruction is ordinary to any insured's profession.

Professional services include but are not limited to:

…

(8) Any health or therapeutic service treatment, advice or     instruction;

…

This exclusion applies even if a claim alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily

injury" or "property damage", or the

offense which caused the "personal

and advertising injury", involved the

rendering of or failure to render any

professional service.

The Liability section contains the following relevant definitions as amended by

the Businessowners Liability Special Broadening Endorsement:

**3.** "Bodily injury" means bodily injury,

sickness or disease sustained by a

person, including death resulting from any

of these at any time. "Bodily injury"

includes mental anguish or other mental

injury resulting from "bodily injury".

…

**13.** "Occurrence" means an accident,

including continuous or repeated

exposure to substantially the same

general harmful conditions.

…

**14.** "Personal and advertising injury" means

injury, including consequential "bodily

injury", arising out of one or more of the

following offenses:

**a.** False arrest, detention or

imprisonment;

**b.** Malicious prosecution or abuse of process;

**c.** The wrongful eviction from, wrongful

entry into, or invasion of the right of

private occupancy of a room, dwelling

or premises that a person occupies,

committed by or on behalf of its

owner, landlord or lessor;

**d.** Oral or written publication, in any

manner, of material that slanders or

libels a person or organization or

disparages a person's or

organization's goods, products or

services;

**e.** Oral or written publication, in any

manner, of material that violates a

person's right of privacy;

**f**. The use of another's advertising idea

in your "advertisement"; or

**g.** Infringing upon another's copyright,

trade dress or slogan in your "advertisement".

**h.** "Discrimination" (unless insurance thereof is

prohibited by law) that results in injury to the

feelings or reputation of a natural person,

but only if such "discrimination" is:

**(1)** Not done intentionally by or at the

direction of:

**(a)**    The insured;

**(b)**    Any officer of the corporation,

director, stockholder, partner or

member of the insured; and

**(2)** Not directly or indirectly related to an

"employee", not to the employment,

prospective employment or termination

of any person or persons by an insured.

…

**17.** "Property damage" means:

**a.** Physical injury to tangible property,

including all resulting loss of use of

that property. All such loss of use

shall be deemed to occur at the time

of the physical injury that caused it;

or

**b.** Loss of use of tangible property that

is not physically injured. All such

loss of use shall be deemed to

occur at the time of the

"occurrence" that caused it.

…

"Discrimination" means the unlawful

treatment of individuals based upon race,

color, ethnic origin, gender, religion, age,

or sexual preference. "Discrimination"

does not include the unlawful treatment

of individuals based upon developmental,

physical, cognitive, mental, sensory or

emotional impairment or any

combination of these.

**C.**     <u>**MBIC's Reservation of Rights**</u>

14.     On October 2, 2020, Neuropathy tendered the Underlying Lawsuit to MBIC.

15.     On October 15, 2020, MBIC denied coverage, on the grounds that the claims alleged in the Underlying Lawsuit against Neuropathy were excluded under the "professional services" exclusion.

16.     On November 16, 2020, Neuropathy responded to MBIC's denial of coverage.  Neuropathy argued that paragraph 32 of the Complaint in the Underlying Lawsuit which alleges that "Defendants did not offer Mr. Bernal a cash pay or insurance based option even though he had medical insurance", as incorporated into the cause of action for Financial Elder Abuse is a covered claim because mental anguish and emotional distress are recoverable damages.

17.     On January 14, 2021, Neuropathy further argued that paragraphs 14-16 of the Complaint in the Underlying Lawsuit regarding the "informational sales pitch" that Bernal attended at Neuropathy fell under the advertising injury coverage in the policy.  Neuropathy also contended that Neuropathy does not provide any medical services, but only assists in providing marketing and advertising services for the medical providers.   On January 21, 2021, Neuropathy provided MBIC with a Management Services Agreement between it and Elite Medical Group effective April 25, 2019.

18.     On February 25, 2021, MBIC agreed to defend Neuropathy under a full

**COMPLAINT FOR DECLARATORY RELIEF and DEMAND FOR JURY TRIAL**

1820039

reservation of rights.

19.     MBIC reserved its rights on the grounds that the Underlying Lawsuit expressly alleges that Bernal was under the care and treatment of Neuropathy (Complaint, Underlying Lawsuit, ¶36.)   Based on this allegation, Neuropathy is rendering professional services, which is subject to the professional services exclusion under the Policy.   In addition, the alleged "informational sales pitch" did not allege any slander which would fall within the Policy's "personal and advertising injury" coverage promise.  Rather, the "informational sales pitch" was of health or therapeutic advice, which falls within the professional services exclusion.

20.     MBIC further reserved its rights on the grounds that the allegations regarding an "abusive financial relationship" wherein Neuropathy allegedly required Bernal to enter into a financial agreement with excessive interest rates and did not offer a cash-pay or insurance-based option, do not satisfy the insurance agreement because no "occurrence," "property damage," "or "bodily injury" is alleged.  The "Expected or Intended Injury" exclusion also precludes coverage for these claims.

21.     MBIC further reserved its rights on the grounds that the Financial Elder Abuse and Fraud causes of action are precluded under the Policy pursuant to Insurance Code section 533.   There is also no "occurrence" to trigger "bodily coverage" for these claims.  Finally, plaintiffs do not allege "Discrimination" that resulted in injury to the feelings or reputation of Bernal so as to trigger coverage under "personal and advertising injury" coverage.

22.    The claim for punitive damages as alleged in the Complaint in the Underlying Lawsuit is not covered under the Policy and is not insurable under California law.

## FIRST CAUSE OF ACTION

### Declaratory Relief

23.    MBIC incorporates paragraphs 1 through 22 as though fully set forth herein.

24.    An actual controversy has arisen between Plaintiff and Defendants herein, concerning their respective rights and duties under the Policy issued by MBIC regarding the below issues.  MBIC seeks a judicial determination that:

> a. The claims alleged against Neuropathy in the Underlying Lawsuit do not satisfy the Policy's insuring agreements and/or are precluded under the "Professional Services" and/or "Expected or Intended Injury" exclusions of the Policy and/or Insurance Code section 533;
>
> b. MBIC does not have a duty to defend Neuropathy in the Underlying Lawsuit;
>
> c. MBIC does not have a duty to indemnify Neuropathy in the Underlying Lawsuit.

25.    As a result, an actual controversy exists as described herein and this court may declare the rights and other legal relations of the parties pursuant to the Declaratory Judgment Act, 22 U.S.C. section 2201.

26.    A judicial determination of this controversy is necessary and appropriate

in order for the parties to ascertain their rights, duties, and obligations under the

Policy.

### **PRAYER**

**WHEREFORE**, MBIC prays for judgment against Defendant, as follows:

1.      For a judgment declaring that MBIC has no duty to defend Neuropathy

in the Underlying Lawsuit;

2.      For a judgment declaring that MBIC has no duty to indemnify

Neuropathy in the Underlying Lawsuit;

3.      For general and special damages in an amount according to proof;

4.      For such relief as the Court may deem appropriate.


Dated:  April 9, 2021                    HAYES SCOTT BONINO ELLINGSON
                                         GUSLANI SIMONSON & CLAUSE, LLP


                                    By: _/s/ Ryan Z. Keller_____
                                         STEPHEN M. HAYES
                                         RYAN Z. KELLER
                                         Attorneys for Plaintiff
                                         MASSACHUSETTS BAY INSURANCE
                                         COMPANY

1820039

COMPLAINT FOR DECLARATORY RELIEF and DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2

3       MBIC hereby demands a trial by jury pursuant to Rule 38(b) of the Federal

4   Rules of Civil Procedure.

5

6   Dated:  April 9, 2021                    HAYES SCOTT BONINO ELLINGSON

7                                            GUSLANI SIMONSON & CLAUSE, LLP

8

9                                      By: */s/ Ryan Z. Keller*

10                                          STEPHEN M. HAYES
                                            RYAN Z. KELLER
11                                          Attorneys for Plaintiff
                                            MASSACHUSETTS BAY INSURANCE
12                                          COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DECLARATORY RELIEF and DEMAND FOR JURY TRIAL**