| | |
|---|---|
| 1 | **LITTLE & KARZAI, LLP** |
| 2 | ERIC R. LITTLE, BAR NO. 169021 |
|   | E-Mail: erl@landkllp.com |
| 3 | NAJWA TARZI KARZAI, BAR NO. 210415 |
| 4 | E-Mail: ntk@landkllp.com |
|   | 3333 Michelson Dr., Ste. 735 |
| 5 | Irvine, CA 92612 |
| 6 | Tele: (949) 333-1699 |
|   | Fax: (949) 333-1697 |
| 7 | |
|   | **Attorneys for:** |
| 8 | Defendant NEUROPATHY |
| 9 | SOLUTIONS, INC. DBA SUPERIOR |
|   | HEALTH CENTERS |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY, | Case No.:  8:21-cv-00607-DOC-JDE |
| | Hon. David O. Carter |
| Plaintiff, | |
| vs. | **DEFENDANT NEUROPATHY SOLUTION INC. dba SUPERIOR HEALTH CENTER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** |
| NEUROPATHY SOLUTIONS, INC. dba SUPERIOR HEALTH CENTERS, RIGOBERTO BERNAL, an individual, MARILENA BERNAL, an individual; and DOES 1-10, inclusive, | |
| Defendants. | |

Defendant Neuropathy Solutions, Inc. dba Superior Health Centers ("Neuropathy" or "Defendant"), hereby answers Plaintiff Massachusetts Bay Insurance Company's ("MBIC") First Amended Complaint ("FAC") as follows:

## THE PARTIES

1. Neuropathy lacks sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in paragraph 1 of the FAC, and on that basis, denies the allegations contained therein.

2. Neuropathy admits the allegations in paragraph 2 of the FAC.

3. Neuropathy lacks sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in paragraph 3 of the FAC, and on that basis, denies the allegations contained therein.

4. Neuropathy lacks sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in paragraph 4 of the FAC, and on that basis, denies the allegations contained therein.

## JURISDICTION AND VENUE

5. Neuropathy admits that the FAC purports to set forth a claim for declaratory judgment under 28 U.S.C. §2201 *et seq.*, and asserts original jurisdiction based upon 28 U.S.C. §§2201 and 1332. Except as expressly admitted, Neuropathy denies the allegations in paragraph 5.

6. Neuropathy admits that the amount in controversy exceeds $75,000. The Complaint in the Underlying Lawsuit speaks for itself. Except as expressly admitted, Neuropathy denies the allegations in paragraph 6.

7. Neuropathy admits that venue in this district is proper and that Neuropathy has its principal place of business in Irvine, California. To the extent paragraph 7 relates to persons or entities other than Neuropathy, Neuropathy lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of the FAC, and on that basis denies the

remaining allegations contained therein.

## GENERAL ALLEGATIONS

### A. The Underlying Lawsuit

8. Neuropathy admits that the Underlying Lawsuit contains various allegations and that the Complaint and other pleadings in the Underlying Lawsuit speak for themselves. Except as expressly admitted, Neuropathy denies each and every allegations in paragraph 8 on the basis that it contains an incomplete and inaccurate characterization of the allegations of the Underlying Lawsuit.

9. Neuropathy admits that the Underlying Lawsuit contains various allegations and that the Complaint and other pleadings in the Underlying Lawsuit speak for themselves. Except as expressly admitted, Neuropathy denies each and every allegations in paragraph 9 on the basis that it contains an incomplete and inaccurate characterization of the allegations of the Underlying Lawsuit.

10. Neuropathy admits that the Underlying Lawsuit contains various allegations and that the Complaint and other pleadings in the Underlying Lawsuit speak for themselves. Except as expressly admitted, Neuropathy denies each and every allegations in paragraph 10 on the basis that it contains an incomplete and inaccurate characterization of the allegations of the Underlying Lawsuit.

11. Neuropathy admits that the Underlying Lawsuit was filed on September 9, 2020 and contains the causes of listed in paragraph 11 of the FAC. Except as expressly admitted, Neuropathy denies the allegations in paragraph 6.

### B. Defendant's Insurance Policy with MBIC

12. Neuropathy admits that MBIC issued the Policy identified in paragraph 12 of the FAC, the terms and coverage provisions of which speak for themselves. Neuropathy denies the allegations contained in paragraph 12 of the FAC to the extent they are inconsistent with the terms and coverage provisions of the Policy.

13. Neuropathy admits that the Policy issued by MBIC includes a number of

-2-

**DEFENDANT NEUROPATHY SOLUTION INC. dba SUPERIOR HEALTH CENTER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

terms and coverage provisions which speak for themselves.  Neuropathy denies the allegations contained in paragraph 13 of the FAC to the extent they are inconsistent with the terms and coverage provisions of the Policy.

### C. MBIC's Reservation of Rights

14. Neuropathy admits that it duly provided notice of the Underlying Lawsuit to MBIC.

15. Neuropathy admits that MBIC denied coverage for the Underlying Lawsuit on October 15, 2020.  MBIC's October 15, 2020 denial speaks for itself. Except as expressly admitted, Neuropathy denies the allegations contained in paragraph 15 of the FAC.

16. Neuropathy admits that its counsel responded to MBIC's denial on November 16, 2020, which response speaks for itself.

17. Neuropathy admits that it further communicated with MBIC on January 14, 2021 and January 21, 2021, which communications speak for themselves, and on that basis, denies any allegation of paragraph 17 inconsistent with the January 14, 2021 and January 21, 2021 communications.

18. Neuropathy admits that on February 25, 2021, MBIC agreed to defend Neuropathy subject to a reservation of rights, which speaks for itself, and on that basis, denies any allegation of paragraph 18 inconsistent with MBIC's February 25, 2021 letter.

19. Neuropathy admits that on February 25, 2021, MBIC agreed to defend Neuropathy, subject to a reservation of rights, which speaks for itself, and on that basis, denies any allegation of paragraph 19 inconsistent with MBIC's February 25, 2021 letter. To the extent the allegations contained in paragraph 22 are legal conclusions and/or argument, they are not subject to admission or denial.

20. Neuropathy admits that on February 25, 2021, MBIC agreed to defend Neuropathy, subject to a reservation of rights, which speaks for itself, and on that

-3-

**DEFENDANT NEUROPATHY SOLUTION INC. dba SUPERIOR HEALTH CENTER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

basis, denies any allegation of paragraph 20 inconsistent with MBIC's February 25, 2021 letter. To the extent the allegations contained in paragraph 22 are legal conclusions and/or argument, they are not subject to admission or denial.

21.     Neuropathy admits that on February 25, 2021, MBIC agreed to defend Neuropathy, subject to a reservation of rights, which speaks for itself, and on that basis, denies any allegation of paragraph 21 inconsistent with MBIC's February 25, 2021 letter.  To the extent the allegations contained in paragraph 22 are legal conclusions and/or argument, they are not subject to admission or denial.

22.     The allegations contained in paragraph 22 are legal conclusions and/or argument not subject to admission or denial.   To the extent that paragraph 22 of the FAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 22 of the FAC.

## FIRST CAUSE OF ACTION

### Declaratory Relief

23.     Neuropathy repeats and incorporates by reference its answers to paragraphs 1 through 22 above.

24.     The allegations contained in paragraph 24 are legal conclusions and/or argument not subject to admission or denial.   To the extent that paragraph 24 of the FAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 24 of the FAC.

   a. The allegations in paragraph 24(a) are legal conclusions and/or argument, to which no response is required. To the extent that paragraph 24(a) of the FAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 24(a) of the FAC.

   b. The allegations in paragraph 24(b) are legal conclusions and/or argument, to which no response is required. To the extent that paragraph 24(b) of the FAC requires an admission or denial, Neuropathy denies the allegations

-4-

contained in paragraph 24(b) of the FAC.

    c. The allegations in paragraph 24(c) are legal conclusions and/or argument, to which no response is required. To the extent that paragraph 24(c) of the FAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 24(c) of the FAC.

25. Neuropathy admits that the Court has the authority to declare the rights and other obligations of the parties pursuant to the Declaratory Judgment Act, 22 U.S.C. section 2201. Except as expressly admitted, Neuropathy denies the allegations in paragraph 25.

26. Neuropathy denies that a judicial determination of this controversy is necessary and appropriate at this stage of the Underlying Lawsuit. Neuropathy also denies that MBIC is entitled to a declaration that there is no coverage available for the Underlying Lawsuit under the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Neuropathy requests that MBIC be denied the statement of relief it has prayed for and that the Court instead: (1) determine, decide, adjudicate and declare that MBIC does have a duty to defend Neuropathy in the Underlying Lawsuit; (2) determine, decide, adjudicate and declare that MBIC does have a duty to indemnify Neuropathy in the Underlying Lawsuit; and (3) award Neuropathy all such other relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

Additionally, Neuropathy answers the FAC by way of affirmative defenses alleged below. By alleging these defenses, Neuropathy is not agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

1. MBIC's claims are barred, in whole or in part, because the FAC fails to state a claim upon which relief can be granted.

-5-
**DEFENDANT NEUROPATHY SOLUTION INC. dba SUPERIOR HEALTH CENTER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

## SECOND AFFIRMATIVE DEFENSE

2. The FAC does not allege an actual controversy that is ripe for adjudication.

## THIRD AFFIRMATIVE DEFENSE

3. MBIC's claims are barred, in whole or in part, because the Underlying Lawsuit alleges potentially covered claims triggering MBIC's duty to defend.

## FOURTH AFFIRMATIVE DEFENSE

4. MBIC's claims are barred, in whole or in part, because the "Professional Services" exclusion in the Policy does not apply to negate MBIC's duty to defend or duty to indemnify Neuropathy in the Underlying Lawsuit.

## FIFTH AFFIRMATIVE DEFENSE

5. MBIC's claims are barred, in whole or in part, because the "Expected or Intended" exclusion in the Policy does not apply to negate MBIC's duty to defend or duty to indemnify Neuropathy in the Underlying Lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

6. MBIC's claims are barred, in whole or in part, because Insurance Code section 533 does not apply to negate MBIC's duty to defend or duty to indemnify Neuropathy in the Underlying Lawsuit.

## SEVEN AFFIRMATIVE DEFENSE

7. MBIC's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHT AFFIRMATIVE DEFENSE

8. MBIC's claims are barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

9. MBIC's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE

10. MBIC's claims are barred, in whole or in part, to the extent the applicable statutes of limitations have expired.

## ELEVENTH AFFIRMATIVE DEFENSE

11. MBIC's claims are barred, in whole or in part, to the extent MBIC breached the covenant of good faith and fair dealing implied by law in the Policy.

## TWELVTH AFFIRMATIVE DEFENSE

12. Neuropathy reserves its right to assert further and additional affirmative defenses based upon discovery of additional, different or more definite facts.

WHEREFORE, having fully answered the FAC, and having asserted its affirmative defenses, Neuropathy prays for judgment against MBIC, as follows:

1. That this Court adjudicate, determine and decree that the Underlying Lawsuit alleges potentially covered claims triggering MBIC's duty to defend Neuropathy in the Underlying Lawsuit;

2. That this Court adjudicate, determine and decree that the "Professional Services" exclusion, the "Expected or Intended Injury" exclusion and Insurance Code Section 533 to not apply to terminate MBIC's duty to defend Neuropathy in the Underlying Lawsuit.

3. That this Court adjudicate, determine and decree that MBIC has a duty to indemnify Neuropathy in the Underlying Lawsuit;

4. For such other and further relief as the Court deems just and proper.

Date: May 3, 2021                     **LITTLE & KARZAI, LLP**

By: /s/ Eric R. Little
    Eric R. Little, Esq.
    Najwa Tarzi Karzai, Esq.

Attorneys for Defendant
NEUROPATHY SOLUTIONS, INC.
DBA SUPERIOR HEALTH CENTERS

**DEFENDANT NEUROPATHY SOLUTION INC. dba SUPERIOR HEALTH CENTER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

## DEMAND FOR JURY TRIAL

Neuropathy hereby demands a trial for jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Date:  May 3, 2021	**LITTLE & KARZAI, LLP**

By: /s/ Eric R. Little
    Eric R. Little, Esq.
    Najwa Tarzi Karzai, Esq.

Attorneys for Defendant
NEUROPATHY SOLUTIONS, INC.
DBA SUPERIOR HEALTH CENTERS

-8-

**DEFENDANT NEUROPATHY SOLUTION INC. dba SUPERIOR HEALTH CENTER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**