**LITTLE & KARZAI, LLP**
ERIC R. LITTLE, BAR NO. 169021
E-Mail: erl@landkllp.com
NAJWA TARZI KARZAI, BAR NO. 210415
E-Mail: ntk@landkllp.com
3333 Michelson Dr., Ste. 735
Irvine, CA 92612
Tele: (949) 333-1699
Fax: (949) 333-1697

**Attorneys for:**
Defendant NEUROPATHY SOLUTIONS, INC. DBA SUPERIOR HEALTH CENTERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>NEUROPATHY SOLUTIONS, INC. dba SUPERIOR HEALTH CENTERS, RIGOBERTO BERNAL, an individual, MARILENA BERNAL, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:  8:21-cv-00607-DOC-JDE<br><br>Hon. David O. Carter<br><br>**DEFENDANT NEUROPATHY SOLUTION INC. dba SUPERIOR HEALTH CENTER'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT FOR SETTLEMENT AND DEFENSE PAYMENTS; DEMAND FOR JURY TRIAL** |

**DEFENDANT NEUROPATHY SOLUTION INC. dba SUPERIOR HEALTH CENTER'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT**

Defendant Neuropathy Solutions, Inc. dba Superior Health Centers ("Neuropathy" or "Defendant"), hereby answers Plaintiff Massachusetts Bay Insurance Company's ("MBIC") Second Amended Complaint ("SAC") as follows:

## THE PARTIES

1. Neuropathy lacks sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in paragraph 1 of the SAC, and on that basis, denies the allegations contained therein.

2. Neuropathy admits the allegations in paragraph 2 of the SAC.

3. Neuropathy lacks sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in paragraph 3 of the SAC, and on that basis, denies the allegations contained therein.

## JURISDICTION AND VENUE

4. Neuropathy admits that the SAC purports to set forth a claim for declaratory judgment under 28 U.S.C. §2201 *et seq.*, and asserts original jurisdiction based upon 28 U.S.C. §§2201 and 1332. Except as expressly admitted, Neuropathy denies the allegations in paragraph 5.

5. Neuropathy admits that the amount in controversy exceeds $75,000 and that MBIC paid its policy limits of $2 million toward settlement of the underlying settlement and that MBIC has paid defense fees and costs. Except as expressly admitted, Neuropathy denies the allegations in paragraph 5.

6. Neuropathy admits that venue in this district is proper and that Neuropathy has its principal place of business in Irvine, California. To the extent paragraph 7 relates to persons or entities other than Neuropathy, Neuropathy lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of the SAC, and on that basis denies the remaining allegations contained therein.

## GENERAL ALLEGATIONS

### A. The Underlying Lawsuit

7. Neuropathy admits that the Underlying Lawsuit contains various allegations and that the Complaint and other pleadings in the Underlying Lawsuit speak for themselves. Except as expressly admitted, Neuropathy denies each and every allegations in paragraph 7 on the basis that it contains an incomplete and inaccurate characterization of the allegations of the Underlying Lawsuit.

8. Neuropathy admits that the Underlying Lawsuit contains various allegations and that the Complaint and other pleadings in the Underlying Lawsuit speak for themselves. Except as expressly admitted, Neuropathy denies each and every allegations in paragraph 8 on the basis that it contains an incomplete and inaccurate characterization of the allegations of the Underlying Lawsuit.

9. Neuropathy admits that the Underlying Lawsuit contains various allegations and that the Complaint and other pleadings in the Underlying Lawsuit speak for themselves. Except as expressly admitted, Neuropathy denies each and every allegations in paragraph 9 on the basis that it contains an incomplete and inaccurate characterization of the allegations of the Underlying Lawsuit.

10. Neuropathy admits that the Underlying Lawsuit was filed on September 9, 2020 and contains the causes of listed in paragraph 10 of the SAC. Except as expressly admitted, Neuropathy denies the allegations in paragraph 10.

### B. Defendant's Insurance Policy with MBIC

11. Neuropathy admits that MBIC issued the Policy identified in paragraph 11 of the SAC, the terms and coverage provisions of which speak for themselves. Neuropathy denies the allegations contained in paragraph 11 of the SAC to the extent they are inconsistent with the terms and coverage provisions of the Policy.

12. Neuropathy admits that the Policy issued by MBIC includes a number of terms, coverage provisions and exclusions which speak for themselves. Neuropathy

denies the allegations contained in paragraph 12 of the SAC to the extent they are inconsistent with the terms and coverage provisions of the Policy.

### C. **MBIC's Payment to Settle the Underlying Lawsuit Under a Reservation of Rights**

13. Neuropathy admits that it duly provided notice of the Underlying Lawsuit to MBIC.

14. Neuropathy admits that MBIC denied coverage for the Underlying Lawsuit on October 15, 2020. MBIC's October 15, 2020 denial speaks for itself. Except as expressly admitted, Neuropathy denies the allegations contained in paragraph 14 of the SAC.

15. Neuropathy admits that its counsel responded to MBIC's denial on November 16, 2020, which response speaks for itself.

16. Neuropathy admits that it further communicated with MBIC on January 14, 2021 and January 21, 2021, which communications speak for themselves, and on that basis, denies any allegation of paragraph 16 inconsistent with the January 14, 2021 and January 21, 2021 communications.

17. Neuropathy admits that on February 25, 2021, MBIC agreed to defend Neuropathy subject to a reservation of rights, which speaks for itself, and on that basis, denies any allegation of paragraph 17 inconsistent with MBIC's February 25, 2021 letter.

18. Neuropathy admits that on February 25, 2021, MBIC agreed to defend Neuropathy, subject to a reservation of rights, which speaks for itself, and on that basis, denies any allegation of paragraph 18 inconsistent with MBIC's February 25, 2021 letter. To the extent the allegations contained in paragraph 18 are legal conclusions and/or argument, they are not subject to admission or denial.

19. Neuropathy admits that on February 25, 2021, MBIC agreed to defend Neuropathy, subject to a reservation of rights, which speaks for itself, and on that

-3-

1  basis, denies any allegation of paragraph 19 inconsistent with MBIC's February 25,
2  2021 letter. To the extent the allegations contained in paragraph 19 are legal
3  conclusions and/or argument, they are not subject to admission or denial.

4  　　　　20.　Neuropathy admits that on February 25, 2021, MBIC agreed to defend
5  Neuropathy, subject to a reservation of rights, which speaks for itself, and on that
6  basis, denies any allegation of paragraph 20 inconsistent with MBIC's February 25,
7  2021 letter.  To the extent the allegations contained in paragraph 20 are legal
8  conclusions and/or argument, they are not subject to admission or denial.

9  　　　　21.　The allegations contained in paragraph 22 are legal conclusions and/or
10 argument not subject to admission or denial.  To the extent that paragraph 20 of the
11 SAC requires an admission or denial, Neuropathy denies the allegations contained in
12 paragraph 21 of the SAC.

13 　　　　22.　Neuropathy admits that by letter dated March 31, 2021, MBIC advised
14 Neuropathy's defense counsel of its reimbursement rates.  To the extent the allegations
15 contained in paragraph 21 are legal conclusions and/or argument, they are not subject
16 to admission or denial. To the extent that paragraph 21 of the SAC requires an
17 admission or denial, Neuropathy denies the allegations contained in paragraph 21 of
18 the SAC.

19 　　　　23.　Neuropathy admits that the Bernals served their Code of Civil Procedure
20 §998 offer to compromise on April 28, 2021, which speaks for itself, and on that basis,
21 denies any allegation of paragraph 23 inconsistent with the §998 offer to compromise.

22 　　　　24.　Neuropathy admits that the Bernals filed a First Amended Complaint
23 which speaks for itself, and on that basis, denies any allegation of paragraph 24
24 inconsistent with the First Amended Complaint. To the extent the allegations contained
25 in paragraph 24 are legal conclusions and/or argument, they are not subject to
26 admission or denial. To the extent that paragraph 24 of the SAC requires an admission
27 or denial, Neuropathy denies the allegations contained in paragraph 24 of the SAC.

28

25. Neuropathy admits that MBIC forwarded a letter to Neuropathy's defense counsel on May 31, 2021 regarding settlement of the Underlying Action, which speaks for itself. To the extent the allegations contained in paragraph 25 are legal conclusions and/or argument, they are not subject to admission or denial. To the extent that paragraph 25 of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 25 of the SAC.

26. Neuropathy admits a settlement agreement was entered into between the Bernals and Neuropathy on or about May 28, 2021, which speaks for itself. To the extent the allegations contained in paragraph 26 are legal conclusions and/or argument, they are not subject to admission or denial. To the extent that paragraph 26 of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 26 of the SAC.

27. Neuropathy admits that on or around July, 13, 2021, MBIC issued payment in the amount of $2 million towards settlement of the Underlying Lawsuit and that MBIC incurred and paid defense costs and fees in the Underlying Lawsuit. To the extent the allegations contained in paragraph 27 are legal conclusions and/or argument, they are not subject to admission or denial. To the extent that paragraph 27 of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 27 of the SAC.

28. The allegations contained in paragraph 28 are legal conclusions and/or argument not subject to admission or denial.   To the extent that paragraph 28 of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 28 of the SAC.

## FIRST CAUSE OF ACTION

### Declaratory Relief

29. Neuropathy repeats and incorporates by reference its answers to paragraphs 1 through 28 above.

**DEFENDANT NEUROPATHY SOLUTION INC. dba SUPERIOR HEALTH CENTER'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT**

30.     The allegations contained in paragraph 30 are legal conclusions and/or argument not subject to admission or denial.   To the extent that paragraph 30 of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 30 of the SAC.

    a. The allegations in paragraph 30(a) are legal conclusions and/or argument, to which no response is required. To the extent that paragraph 30(a) of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 30(a) of the SAC.

    b. The allegations in paragraph 30(b) are legal conclusions and/or argument, to which no response is required. To the extent that paragraph 30(b) of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 30(b) of the SAC.

    c. The allegations in paragraph 30(c) are legal conclusions and/or argument, to which no response is required. To the extent that paragraph 30(c) of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 30(c) of the SAC.

    d. The allegations in paragraph 31(c) are legal conclusions and/or argument, to which no response is required. To the extent that paragraph 31(c) of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 31(c) of the SAC.

31.     Neuropathy admits that the Court has the authority to declare the rights and other obligations of the parties pursuant to the Declaratory Judgment Act, 22 U.S.C. section 2201. Except as expressly admitted, Neuropathy denies the allegations in paragraph 31.

32.     Neuropathy denies that a judicial determination of this controversy is necessary and appropriate.

## SECOND CAUSE OF ACTION

### Reimbursement for Settlement and Defense Payments

33. Neuropathy repeats and incorporates by reference its answers to paragraphs 1 through 32 above.

34. The allegations contained in paragraph 34 are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 34 of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 34 of the SAC.

35. The allegations contained in paragraph 35 are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 35 of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 35 of the SAC.

36. The allegations contained in paragraph 36 are legal conclusions and/or argument not subject to admission or denial. To the extent that paragraph 36 of the SAC requires an admission or denial, Neuropathy denies the allegations contained in paragraph 36 of the SAC.

## PRAYER

WHEREFORE, Neuropathy requests that MBIC be denied the statement of relief it has prayed for and that the Court instead issue judgment: (1) declaring that MBIC did have a duty to defend Neuropathy in the Underlying Lawsuit; (2) declaring that that MBIC did have a duty to indemnify Neuropathy in the Underlying Lawsuit; (3) declaring that that Neuropathy is not obligated to reimburse MBIC for defense costs and fees and settlement amount paid by MBIC; and (4) all such other relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

Additionally, Neuropathy answers the SAC by way of affirmative defenses alleged below. By alleging these defenses, Neuropathy is not agreeing or conceding

-7-

that it has the burden of proof or persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

1. MBIC's claims are barred, in whole or in part, because the SAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The SAC does not allege an actual controversy that is ripe for adjudication.

## THIRD AFFIRMATIVE DEFENSE

3. MBIC's claims are barred, in whole or in part, because the Underlying Lawsuit alleged potentially covered claims triggering MBIC's duty to defend.

## FOURTH AFFIRMATIVE DEFENSE

4. MBIC's claims are barred, in whole or in part, because the "Professional Services" exclusion in the Policy does not apply to negate MBIC's duty to defend or duty to indemnify Neuropathy in the Underlying Lawsuit.

## FIFTH AFFIRMATIVE DEFENSE

5. MBIC's claims are barred, in whole or in part, because the "Expected or Intended" exclusion in the Policy does not apply to negate MBIC's duty to defend or duty to indemnify Neuropathy in the Underlying Lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

6. MBIC's claims are barred, in whole or in part, because Insurance Code section 533 does not apply to negate MBIC's duty to defend or duty to indemnify Neuropathy in the Underlying Lawsuit.

## SEVEN AFFIRMATIVE DEFENSE

7. MBIC's claims are barred, in whole or in part, because MBIC did not expressly or otherwise, reserve its rights under *Blue Ridge Ins. Co. v. Jacobson,* 25 Cal.4th 489 (2001) ("*Blue Ridge*"), as required by law, prior to agreeing to settle the Underlying Lawsuit by paying the Policy's $2 million limits.

### EIGHT AFFIRMATIVE DEFENSE

8. MBIC's claims are barred, in whole or in part, because when the duty to defend, having arisen, is extinguished, it is extinguished prospectively and not retroactively.

### NINTH AFFIRMATIVE DEFENSE

9. MBIC's claims are barred, in whole or in part, because MBIC cannot seek reimbursement of defense costs as to claims which were potentially covered by the Policy.

### TENTH AFFIRMATIVE DEFENSE

10. MBIC's claims are barred, in whole or in part, by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

11. MBIC's claims are barred, in whole or in part, by the doctrine of unclean hands.

### TWELVTH AFFIRMATIVE DEFENSE

12. MBIC's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and/or estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. MBIC's claims are barred, in whole or in part, to the extent the applicable statutes of limitations have expired.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. MBIC's claims are barred, in whole or in part, to the extent MBIC breached the covenant of good faith and fair dealing implied by law in the Policy.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Neuropathy reserves its right to assert further and additional affirmative defenses based upon discovery of additional, different or more definite facts.

WHEREFORE, having fully answered the SAC, and having asserted its affirmative defenses, Neuropathy prays for judgment against MBIC, as follows:

-9-

1. That this Court adjudicate, determine and decree that the Underlying Lawsuit alleged potentially covered claims triggering MBIC's duty to defend Neuropathy in the Underlying Lawsuit;

2. That this Court adjudicate, determine and decree that MBIC had a duty to indemnify Neuropathy in the Underlying Lawsuit;

3. That this Court adjudicate, determine and decree that the "Professional Services" exclusion, the "Expected or Intended Injury" exclusion and Insurance Code Section 533 did not apply to terminate MBIC's duty to defend or duty to indemnify Neuropathy in the Underlying Lawsuit.

4. That this Court adjudicate, determine and decree that MBIC has no right to reimbursement of amounts it paid in defense of the Underlying Lawsuit.

5. That this Court adjudicate, determine and decree that MBIC has no right to reimbursement of the $2 million it paid to settle the Underlying Lawsuit.

6. For such other and further relief as the Court deems just and proper.

Date: August 27, 2021   **LITTLE & KARZAI, LLP**

By: /s/ Eric R. Little
Eric R. Little, Esq.
Najwa Tarzi Karzai, Esq.

Attorneys for Defendant
NEUROPATHY SOLUTIONS, INC.
DBA SUPERIOR HEALTH CENTERS

## **DEMAND FOR JURY TRIAL**

Neuropathy hereby demands a trial for jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Date: August 27, 2021   **LITTLE & KARZAI, LLP**

By: /s/ Eric R. Little
Eric R. Little, Esq.
Najwa Tarzi Karzai, Esq.

**DEFENDANT NEUROPATHY SOLUTION INC. dba SUPERIOR HEALTH CENTER'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT**